**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| KENTORIA WISE,<br><br>Petitioner,<br>v.<br><br>GOVERNOR OF ALASKA, *et al*.,<br><br>Respondents. | Case No. 3:26-cv-00172-SLG-MMS |

**ORDER DISMISSING PETITION**

Before the Court at Docket 1 is Petitioner Kentoria Wise's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.

The case was referred to the Honorable Magistrate Judge Matthew M. Scoble. At Docket 5, Judge Scoble issued his Report and Recommendation, in which he recommended that the motion be DISMISSED without prejudice as moot, and that any other pending motions be DENIED as moot. No objections to the report and recommendation were filed.[1]

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[2] A court is to "make a de novo determination of those portions of the magistrate judge's report

[1] The copy of the Report and Recommendation that was sent to Petitioner at her address of record at Hiland Mountain was returned as nondeliverable. See Docket 6.

[2] 28 U.S.C. § 636(b)(1).

or specified proposed findings or recommendations to which objection is made."[3] However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[4]

The Magistrate Judge recommended that the Court dismiss the § 2241 Petition without prejudice as moot, in light of Petitioner's release from custody. The Court has reviewed the report and agrees with the Magistrate Judge's analysis. Accordingly, the Court adopts the Report and Recommendation in its entirety, and IT IS ORDERED that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 at Docket 1 is DISMISSED WITHOUT PREJUDICE and any pending motions DENIED as moot. The Clerk of Court shall enter a final judgment accordingly. A Certificate of Appealability shall not issue.[5] Petitioner may request a certificate of appealability from the Ninth Circuit Court of Appeals.

DATED this 1st day of September 2026, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[3] *Id.*

[4] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[5] 28 U.S.C. §2253(c)(2). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (A certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right[,]" *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotations and citations omitted.).